Dale M. Cendali
Melanie Bradley
Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
melanie.bradley@kirkland.com
joshua.simmons@kirkland.com

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARTIN ALEXANDER, aka ALEX MARTIN,<br><br>Plaintiff,<br><br>- against -<br><br>KEITH RUPERT MURDOCH, NEWS CORPORATION, INC., DISNEY ENTERPRISES, INC., ABC, INC., FOX ENTERTAINMENT GROUP, INC., STEVEN LEVITAN, CHRISTOPHER LLOYD, PICTURE DAY PRODUCTIONS, INC., LEVITAN AND LLOYD PRODUCTIONS, INC., CBS BROADCASTING, INC., APPLE INC., HULU, LLC, AMAZON.COM, INC., BLOCKBUSTER, INC., IMDB.COM, INC., BRITISH SKY BROADCASTING GROUP, PLC, RTL GROUP, SKY ITALIA, FOXTEL,<br><br>Defendants. | Case No.  10 Civ. 5613 (PAC)(JCF)<br><br>**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OR (RE)ARGUMENT ON FINAL ORDER** |

Defendants respectfully submit this memorandum of law in opposition to Plaintiff's motion for reconsideration or (re)argument on final order. *See* L.R. 6.3.

\* \* \*

Despite hundreds of pages of briefing, an Amended Complaint, a detailed Magistrate Judge's Report and Recommendation, and a lengthy District Judge's Order meticulously parsing every allegation, Plaintiff has nonetheless filed a motion for reconsideration in this case. There can be no doubt, however, that Mr. Alexander has already received his day in court. A motion for reconsideration is an extraordinary remedy that is employed sparingly in the limited circumstances where controlling decisions or other matters have been overlooked by the district court, and which might be reasonably expected to change the court's conclusion. It is not a forum for a party to relitigate issues that have been decided by the district court. Yet, Plaintiff's motion amounts to nothing more than an attempt to reopen consideration of issues that have been conclusively decided by this Court. Moreover, noticeably lacking from Plaintiff's opening brief is any mention of "matters or controlling decisions which [he] believes the Court has overlooked," L.R. 6.3—a fundamental requirement of any motion under Local Civil Rule 6.3. Thus, Plaintiff has failed to meet even the most basic requirements of his intended motion and, as such, this Court should deny Plaintiff's motion.

As this Court has stated, the standard for granting a motion for reconsideration under Local Civil Rule 6.3 is "strict, so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Sampson v. Robinson III*, No. 07 Civ. 6890, 2008 WL 4779079, at \*1 (S.D.N.Y. Oct. 31, 2008) (Crotty, J.); *see also Green v. Central Office Review Committee*, No. 07 Civ. 4536, 2010 WL 3025650, at \*1 (S.D.N.Y. July 27, 2010) ("Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of

1

finality and conservation of scarce judicial resources."). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Nakshin v. Holder*, 360 Fed. App'x. 192, 193 (2d Cir. 2010). Motions for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Green*, 2010 WL 3025650, at *1. Furthermore, the same standard is applied when the moving party proceeds *pro se*. *See Juers v. New York State Veterans Home at St. Albans*, No. 08 Civ. 7634, 2009 WL 1448978 (S.D.N.Y. May 20, 2009) (denying *pro se* Plaintiff's request for reconsideration).

In this case, Plaintiff has done nothing more than seek to relitigate decided issues. In fact, not once in his over 25 page brief does Plaintiff indicate any matters or controlling decisions that he even asserts that this Court overlooked. Rather, over and over again, Plaintiff argues that this Court has improperly applied the copyright standard or failed to consider Plaintiff's arguments—the same arguments Plaintiff made in opposition to Defendants' motion to dismiss and in objecting to Judge Francis's Report and Recommendation. It is clear, however, from both Judge Francis's Report, which this Court adopted, and this Court's Order that Plaintiff's arguments were not overlooked, but instead were found to be inaccurate statements of the law and misleading descriptions of the two works at issue. The law is clear that when a "moving party seeks solely to relitigate an issue already decided," motions for reconsideration should not be granted.[1] *Green*, 2010 WL 3025650, at *1.

---

[1] As all of Plaintiff's arguments in support of his motion are merely a re-hash of his previous arguments in this litigation, Defendants will not address their substance again here. Rather, Defendants respectfully refer the Court to Defendants' (i) Memorandum of Law in Support of Defendants' Motion to Dismiss (Dkt. No. 54), (ii) Reply Memorandum of Law in Support of Defendants' Motion to Dismiss (Dkt. No. 69), and (iii) Response to Plaintiff's Objection to Report and Recommendation (Dkt. No. 76).

As all of Plaintiff's arguments are a re-hash of arguments he has already made to this Court and Plaintiff has failed to identify any law or facts that this Court overlooked in reaching its decision to dismiss the Amended Complaint, Plaintiff's motion for reconsideration should be denied.

Dated: New York, New York
       August 8, 2011

*/s/ Dale M. Cendali*
Dale M. Cendali
Melanie Bradley
Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com
melanie.bradley@kirkland.com
joshua.simmons@kirkland.com

Attorneys for Defendants

3

## CERTIFICATE OF SERVICE

      I, Joshua L. Simmons, the undersigned, certify under penalty of perjury, that on August 8, 2011, I caused a true and correct copy of the attached document, and copies of all unreported opinions referenced therein, to be served via e-mail and Federal Express to:

    Martin Alexander
    2506 S. Schenley Avenue
    Youngstown, OH 44511
    Oldbway42@hotmail.com
    *Pro se* Plaintiff

                                                                          Joshua L. Simmons