USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/26/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARTIN ALEXANDER aka/ ALEX MARTIN

- against -

10 Civ. 5613 (PAC) (JCF)

(ORAL ARGUMENT REQUESTED)

**PLAINTIFF'S
MEMORANDUM OF LAW
IN SUPPORT OF
PLAINTIFF'S MOTION
FOR RECONSIDERATION
OR (RE)ARGUMENT ON
FINAL ORDER**

KEITH RUPERT MURDOCH; NEWS CORPORATION,
INC., DISNEY ENTERPRISES, INC. (THE WALT
DISNEY COMPANY, INC.); FOX ENTERTAINMENT
GROUP, INC.; AMERICAN BROADCASTING
COMPANIES, INC. (ABC) & AFFILIATES; STEVEN
LEVITAN; CHRISTOPHER LLOYD; PICTURE DAY
PRODUCTIONS, INC.; LEVITAN AND LLOYD
PRODUCTIONS, INC.; CBS BROADCASTING, INC.;
APPLE, INC.; HULU, LLC.; AMAZON.COM, INC.;
BLOCKBUSTER, INC.; IMDB.COM; BRITISH SKY
BROADCASTING GROUP, PLC; RTL GROUP;
SKY ITALIA; AND FOXTEL

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**......................................................................................i

**PRELIMINARY STATEMENT**.................................................................................1

**FACTUAL BACKGROUND**.....................................................................................1

**I.**    **Loony Ben**..........................................................................................................2

**II.**   **Modern Family**.................................................................................................2

**III.**  **Procedural History**..........................................................................................2

**I.**    **Applicable Law**................................................................................................2

        *A.*    *Motion to Dismiss Standard*.............................................................2

        *B.*    *Copyright Infringement*....................................................................3

**II**    **Application**......................................................................................................4

        *A.*    *Plot*.....................................................................................................4

        *B.*    *Characters*.........................................................................................5

                1.    Ben and Phil........................................................................5

                2.    Rosa and Gloria...................................................................7

                3.    Jesus and Manny.................................................................12

                4.    Ben's Daughter and Lily......................................................13

                5.    Herb/Marv and Mitchell/Cameron.....................................14

                6.    Dr. Schwartz and the Documentary Filmmaker..................16

                7.    Additional Comparisons......................................................17

         *C.*    *Settings*..............................................................................................19

        *D.*    *Format and Pace*................................................................................20

        *E.*    *Total Concept and Feel*......................................................................21

        **III.**    Additional Claims..............................................................................21

A.   Contributory and Vicarious Copyright Infringement.................................21

B.   Idea Misappropriation..........................................................................22

C.   Defamation............................................................................................22

D.   Piercing the Corporate Veil..................................................................22

### PLAINTIFF'S OBJECTIONS

I.   Standard of Review...................................................................................23

II   Plaintiff's Objections...............................................................................23

A.   Legal Standard......................................................................................23

B.   Application............................................................................................24

CONCLUSION..................................................................................................24

## **TABLE OF AUTHORITIES**

**Cases**

Apple Computer, Inc. v. Microsoft Corp., 35 F.3d 1435 at 1446 (9th Cir 1994)...................11, 14

Arnstein v. Porter, 154 F.2d 464 (2d Cir. 1946)..........................................................................3, 4

Boisson v. Banian, Ltd., 273 F.3d 262, 272-73 (2d Cir.2001) ...........................................3, 20, 24

Bulger v. Doulton, 2006 WL 3771016 (S.D.N.Y.)...........................................................................4

Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). .....................................................................2

Castle Rock Entertainment v. Carol Publishing Group, 150 F3d 132, 137
(2nd Cir. 1998);.................................................................................................................................5

Comptone Company Ltd. v. Rayex Corp., 251 F.2d 487 at 488 (2d Cir.1958) ...................... 4, 15

Daly v. Palmer, 6 F. Cas. 1132 (C.C.S.D.N.Y.1868) (No. 3552).....................................................4

Freeplay Music, Inc., v. Cox Radio, Inc., 409 F.Supp.2d 259 (2005)..............................................9

Herzog v Castlerock Entertainment, 193 F.3d 1241 (11th Cir. 1999).........................6, 15, 16, 19

Hoehling v. Universal City Studios, Inc., 618 F.2d 972, 977 (2d Cir.), cert. denied, 449 U.S. 841,
101 S.Ct. 121, 66 L.Ed.2d 49 (1980)......................................................................................18, 25

Hogan v. DC Comics, 48 F. Supp. 2 298 at 309-10 (S.D.N.Y. 1999)........................................5, 14

Ideal Toy Corp. v. Fab-Lu Ltd., 360 F.2d 1021 at 1022 (2d Cir.1966).............................................3

Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487 at 489 (2d Cir.1960).......................3

Reed Elsevier v. Muchnick..............................................................................................................22

Rogers v. Koons, 960 F. 2d 301, 113 S.Ct. 365, 506 US 934, 121 L. ed. 2d 278...............7, 15, 16

Sheldon v. Metro-Goldwyn Pictures Corporation, 309 U,S. 390 (1940).......................................15

Sid & Marty Krofft Television Productions Inc. v. McDonald's Corp., 562 F.2d 1157 (9th Cir
1977)...........................................................................................7, 11, 13, 14, 15, 17, 19

TMTV, Corp. v. Mass Productions, Inc.,345 F.Supp.2d 196, 2004 Copr.L.Dec. P 28,904,
D.Puerto Rico, November 24, 2004 (NO. CIV.00-1338(RLA))......................................................4

Tufenkian Import/Export Ventures Inc. v. Einstein Moomjy, Inc., 338 F.3d 127 at 134-35 (2d
Cir.2003)......................................................................................................................................3, 5

i

Velez v. Sonny Discos, No 06 Civ. 0615, 2007 WL 120686, at *7 (S.D.N.Y. Jan 16, 2007)...3, 24

Walker v. Time Life Films, Inc., 784 F.2d 44 at 50 (2d Cir. 1986)...............................................17

Weitzenkorn v. Lesser, 40 Cal. 2d 778 [97 USPQ 545] (1953)...........................................7, 11, 14

Williams v. Crichton 84 F.3d 581 (2nd Cir. 1996)............................................................7, 15, 16

**Statutory Authorities**

17 U.S.C. §§ 101, 106(2)................................................................................................................4

**Treatises**

Nimmer, § 13.03[A].....................................................................................................................15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
MARTIN ALEXANDER aka/ ALEX MARTIN_____

- against -

**10 Civ. 5613 (PAC) (JCF)**

**AFFIRMATION OF
SERVICE**

_____
KEITH RUPERT MURDOCH; NEWS CORPORATION,
INC., DISNEY ENTERPRISES, INC. (THE WALT
DISNEY COMPANY, INC.); FOX ENTERTAINMENT
GROUP, INC.; AMERICAN BROADCASTING
COMPANIES, INC. (ABC) & AFFILIATES; STEVEN
LEVITAN; CHRISTOPHER LLOYD; PICTURE DAY
PRODUCTIONS, INC.; LEVITAN AND LLOYD
PRODUCTIONS, INC.; CBS BROADCASTING, INC.;
APPLE, INC.; HULU, LLC.; AMAZON.COM, INC.;
BLOCKBUSTER, INC.; IMDB.COM; BRITISH SKY
BROADCASTING GROUP, PLC; RTL GROUP;
SKY ITALIA; AND FOXTEL

I, MARTIN ALEXANDER, **declare under penalty of perjury** that I have served a copy of the attached Memorandum Of Law In Support Of Plaintiff's Motion For Reconsideration Or (Re)argument On Final Order upon Dale M. Cendali, Esq., at Dale M. Cendali, Esq., Kirkland & Ellis, LLP, Citigroup Center, 153 East 53rd Street, New York, New York 10022-4611

by U.S Mail Delivery

Dated: July 28, 2011
*Youngstown, Ohio*   /S/   *Martin Alexander*
                          Martin Alexander
                          Pro Se
                          2506 S. Schenley Ave.
                          Youngstown, OH 44511
                          (213) 924-9965

Pursuant to the Federal Rules Of Civil Procedure and Local Civil Rule 6.3, Plaintiff, hereby, files this Plaintiff's Memorandum Of Law In Support Of Plaintiff's Motion For Reconsideration or (Re)argument. The Magistrate's analysis begins with acceptance of Defendants' Counsels' false, misleading, perjurious misstatements of fact and misrepresentations of law, which then leads the Magistrate to factually misinterpret the works at issue and employ Defendants' Counsels' biased, self-serving, pseudo-analytical reasoning that has no basis in law or factum and is strategically designed to ultimately lead to Defendants' Counsels' intended result that Plaintiff's meritorious claims are ineluctably, summarily, unfairly dismissed.

More specifically, contrary to law, under the guise of proceeding pursuant to Federal Rule Of Civil Procedure 12(b)6, the Magistrate used an obfuscating, hodge-podge approach that impermissibly combined aspects of both a Rule 12(b)6 motion to dismiss and a Rule 56 motion for summary judgment, in order to summarily dismiss Plaintiff's meritorious claims, with prejudice without trial, discovery or even a hearing, in violation of the United States Constitution and derogation of Plaintiff's Fifth Amendment due process rights and the Fourteenth Amendment's constitutional guarantee of equal protection under the law. The Court's adoption of a Report And Recommendation so clearly erroneous and contrary to law constitutes serious judicial err, an abuse of judicial discretion and manifest injustice.

On Tuesday June 21, 2011, Plaintiff filed Plaintiff's Objections To Report And Recommendation, including Exhibits "E" - "I." On Monday June 27, 2011, Plaintiff filed Plaintiff's Supplemental Objections To Report And Recommendation, including Exhibits "J" - "T."

## **BACKGROUND**

The Final Order and the Report And Recommendation largely ignore the fact that on

1

March 7, 2006 Plaintiff registered a Revised Treatment with the Writers' Guild Of America, West, which elaborates further on the "Loony Ben" show and reads like a 2009 review of "Modern Family." When the Final Order and Report And Recommendation briefly address only a few sentences from the Revised Treatment, it is only to disprove the truth of its contents, contrary to Rule 12(b)6. The Final Order also primarily ignores Plaintiff's allegations concerning additional writings, not part of the incomplete factual record, upon which the Court pins its erroneous decision.

**I. "Loony Ben"**

**II. "Modern Family"**

**III. Procedural History**

**MAGISTRATE JUDGE FRANCIS' R&R**

**I. Applicable Law**

*A. Motion to Dismiss Standard*

It is well settled that in considering a Rule 12(b)6 motion, the court is required to construe a pro-se plaintiff's submissions liberally, 'to raise the strongest arguments that they suggest'" *See,* <u>Burgos v. Hopkins.</u> Courts must accept all factual allegations in the complaint as true, draw all reasonable inferences, and resolve all doubts in the plaintiff's favor "... notwithstanding a controverting presentation by the moving party" *See,* Id.

A motion for dismissal pursuant to Rule 12(b)6 is not an occasion for the court to make findings of fact See, <u>Roth v. T Jennings.</u> In assessing the legal feasibility of a complaint "... a court should not assay the weight of the evidence which might be offered in support thereof" *See,* <u>Burgos,</u> supra. When considering extraneous documents, "...the court is to consider them on a Rule 12(b)6 motion "only to determine *what* the documents stated," and "*not to prove the truth of*

*their contents*" *See,* <u>Roth v. T Jennings</u> [emphases added]).

*B. Copyright Infringement*

The applicable **"ordinary observer test,"** focuses on **"whether an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work**" *See,* <u>Ideal Toy Corp. v. Fab-Lu Ltd.</u>; or, stated more accurately, **whether "the ordinary observer, <u>unless he set out to detect the disparities, would be disposed to overlook them</u>, and regard their aesthetic appeal as the same.**" *See,* <u>Peter Pan Fabrics, Inc. v. Martin Weiner Corp.</u> Since the ordinary observer test focuses on the response of the ordinary observer, dissection is irrelevant *See,* <u>Arnstein v. Porter.</u>

The inapplicable "more discerning observer test" is only supposed to be used "[u]nder certain circumstances, **when the works at issue contain considerable elements from the public domain**. See, <u>Velez v. Sonny Discos</u>. Moreover, a court is not to dissect the works at issue into separate components and compare only the copyrightable elements..." because **"[t]o do so would be to take the 'more discerning' test to an extreme, which would result in almost nothing being copyrightable...,"** *See,* <u>Boisson v. Banian Ltd</u>. This is so because defendants often infringe a copyright not only by literally copying a portion of a work, but also by **"parroting properties that are apparent *only when numerous aesthetic decisions embodied in the plaintiff's work of art ... are considered in relation to one another*"** *See,* <u>Tufenkian Import/Export Ventures Inc. v. Einstein Moomjy, Inc.</u>

Courts find infringement where evidence indicates it is defendants' practice to copy or sample others work *See,* <u>Roth Greeting Cards v. United Card Co.</u> , *See Also,* <u>Bridgeport Music, Inc. v. Dimension Films</u>.

Copyright encompasses a severable bundle of rights, one of which includes the right to

create derivative works *See,* 17 U.S.C. §§ 101, 106(2); <u>TMTV, Corp. v. Mass Productions, Inc.</u>

## II. Application

A. Plot

Plaintiff, hereby, incorporates sections A. Motion to Dismiss Standard and B. Copyright Infringement above, as if set forth here in entirety, incorporated by this reference, and made a part, hereof.

In assessing the legal feasibility of Plaintiff's Amended Complaint, contrary to Rule 12(b)6, rather than accepting Plaintiff's allegations as true, the Magistrate assumed Defendants' allegations as true, and assayed the weight of the evidence in Defendants' favor *See,* <u>Bulger v. Doulton</u>. Compounding these procedural errors is the fact that the Magistrate's substantive legal analysis, with respect to plot focused on literal dissimilarity as opposed to substantial similarity. The Magistrate overlooked Defendants' parroting of properties from the "Loony Ben" birthday party, to wit: parent(s) forget child's birthday, plan child's birthday party to make-up for their neglect, a clown appears at the party (which Defendants acknowledge would be extremely unusual in 2009),[1] things go unexpectedly wrong at the party due to the actions of Ben/Phil and comedy and hilarity ensue. In an analogous case, <u>Daly v. Palmer</u>, the court found a performance that was not literally similar was substantially similar as it used "the same series of events, to excite, by representation, the same emotions, in the same sequence." However, being predisposed to dissect the works to detect disparities the Magistrate, thus, overlooked the similarities. As courts have warned, in the instant case, irrelevant dissection and undue focus on literally identical copying of every detail has improperly distracted the Magistrate from inquiring as to whether substantial similarity, as opposed to literal similarity exists between "Loony Ben" and "Modern Family" *See,* <u>Arnstein v. Porter</u>; *See,* <u>Comptone Company Ltd. v. Rayex Corp.</u>; *See*

*Also,* Castle Rock Entertainment v. Carol Publishing Group; *See Also,* Tufenkian Import/Export

Ventures Inc. v. Einstein Moomjy, Inc.,

*B. Characters*

Plaintiff, hereby, incorporates section B. Copyright Infringement above, as if set forth

here in entirety, incorporated by this reference, and made a part, hereof.

When deciding questions of character infringement, courts consider physical and

psychological traits **and** the total concept and feel of the character *See,* Hogan v. DC Comics

(internal quotations omitted), "In determining whether characters are similar, a court looks at the

'totality of [the characters' attributes and traits as well as **the extent to which the defendants'**

**characters capture the 'total concept and feel' of figures in [plaintiff's work].**"

Ben and Phil

(Plaintiff incorporates by this reference all arguments made in the above sections I. B. Copyright

Infringement and II. B. Characters, hereby, made a part, here of.)

The Final Order and Report And Recommendation take all of Plaintiff's allegations as

false. For example, both claim the only shared characteristics between Ben and Phil are gender

and hair color. However, this claim is patently false and does not bear up under examination,

sustained or cursory *See,* Amended Complaint P. 24 ¶117 - P. 27 - ¶124; *See Also,* Plaintiff's

Memorandum Of Law P. 18  ¶3 - P. 21 - ¶2; *See Also,* Plaintiff's Affirmation P. 3  ¶6 - P. 4 - ¶7,

P. 6  ¶21,  P. 11 ¶32 *See Also,* Plaintiff's Objections P. 27  ¶2 - P. 32 ¶1; *See Also,* Plaintiff's

Supplemental Objections P. 1  ¶1 - P. 3 ¶2; *See,* Exhibits "D" and "J"-"O."

Contrary to law, the Magistrate never considered whether the characters' totality of traits

in combination and total concept and feel were similar, and instead extracted purportedly

noncopyrightable elements from purportedly copyrightable elements. For instance, the Magistrate

5

says characters who are adult children, sexually ambiguous, or like to cook are just stock characters. This approach caused the Magistrate to overlook the fact that through Defendants' nonliteral copying and parroting of properties from "Loony Ben," Defendants' created a substantially similar infringing character. For example, it's not just that they cook, but what they cook. For instance, Ben cooks quiche; Phil bakes ladyfingers and both wear aprons. To the ordinary observer this conveys that both characters have interests with feminine connotations and are, therefore, sexually ambiguous.

The Magistrate subjected the "Loony Ben" Materials pertaining to Ben and "Modern Family" scenes pertaining to Phil to irrelevant dissection and "sustained examination," in order to disprove the truth of the matters stated in Plaintiff's documents and Defendants' infringing program.  For example, the Magistrate tries to disprove Ben and/or Phil are sexually ambiguous, even though Plaintiff's Treatment and Revised Treatment states Ben is sexually ambiguous and Defendants' infringing program clearly indicates Phil is also sexually ambiguous.

The  Magistrate  blindly  follows  Defendants'  Counsels'  biased,  self-serving misinterpretation of the works, and finds because Phil is not consciously, sexually attracted to men he is not subconsciously attracted to men, but that is patently, objectively, false *See,* Exhibits "M" - "O." And, assuming arguendo that reasonable minds could differ as to whether Phil is subconsciously attracted to men, even where the parties agree on the basic facts, but **disagree about the inferences that should be drawn** from these facts, dismissal is inappropriate *See,* Herzog v Castlerock Entertainment. **If reasonable minds might differ on the inferences arising from undisputed facts, then the court should not grant dismissal** *See,* Id.

Undue focus on literal similarity caused the Magistrate to overlook all the parallelisms of characterization, incident and details between Ben and Phil. The Final Order adopts the

6

Magistrate's position that since Phil only shares some of Ben's mental illnesses, and to a different degree, the characters are not literally similar, therefore, the characters can not, as a matter of law, be substantially similar. But, substantial similarity does not require literally identical copying of every detail, and dissimilarity will not automatically relieve the infringer of liability *See,* Williams v Crichton; *See Also,* Rogers v. Koons.

While it is true that being attracted to blondes is not per se evidence of substantial similarity, when one considers that Ben's love interest was to be portrayed by Rachel Blanchard, who looks like a slightly younger version of Julie Bowen who portrays Phil's wife, that considered with many numerous decisions embodied in Plaintiff's work in relation to each other could be said to contribute to the duplication of the same feel of "Loony Ben" in "Modern Family," though that is a subjective question for the jury, not one susceptible to being decided as a matter of law. And, even assuming arguendo, the Court does not find sufficient similarities exist between Ben and Phil, such that would give rise to individual copyright protection in the Ben character itself, that would not ipso facto prevent a finding of copyright infringement as to the whole *See,* Weitzenkorn v. Lesser. The Magistrate's clearly erroneous approach is contrary to law because it never considers whether absent a finding of copyright protection in the Ben character itself due to Defendants' diminimis changes and/or sampling, Defendants, nevertheless, have failed to totally circumvent the United States Copyright Act and are, thus, still liable for infringement *See,* Sid & Marty Krofft Television Productions Inc. v. McDonald's Corp.

2. Rosa Gloria

Contrary to Rule 12(b)6 and clearly erroneously, The Report And Recommendation and the Final Order take all of Plaintiff's allegations concerning similarities between Rosa and Gloria, except one as false. Then, contrary to Plaintiff's allegations and the evidence on the record, the

Final Order and Report And Recommendation claim the only shared characteristic between Rosa and Gloria is due to pure coincidence. However, those claims are patently false and do not bear up under examination, sustained or cursory.

There are many similarities between Rosa and Gloria, including without limitation: both Rosa and Gloria are Latina; stunningly beautiful; temperamental; with thick accents; who have been divorced and are in love with Caucasian men; have been or are in an age-disparate relationship. The Magistrate concluded those are just stock character traits. But also they both marry into large, "nutty," non-traditional, dysfunctional, multi-generational, multi-racial, pansexual, extended families, residing in present day Los Angeles; and always makes their (ex)husbands do the right thing where their sons are concerned and are laughed more at than with *See,* Plaintiff's Amended Complaint P. 27 ¶125 - P. 30 ¶130; *See Also,* Plaintiff's Memorandum Of Law P. 21 ¶3 - P. 24 ¶2; *See Also,* Plaintiff's Affirmation P 9 ¶28; P 15 ¶35; *See Also,* Plaintiff's Objections P. 32 ¶2 P. 37 ¶2 ; *See Also,* Plaintiff's Supplemental Objections P. 3 ¶3  P. 4 ¶2. The Magistrate's approach is clearly erroneous and contrary to law because, even assuming the existence of some stock characteristics, it does not consider Plaintiff unique combination of elements and unique treatment of elements. The Magistrate can not conclude, as a matter of law Plaintiff unique combination of elements and unique treatment of elements is not entitled to copyright protection.

The Magistrate claims all but one of Plaintiff's alleged similarities are unsupported by the works, but that is patently false. For example, inter alia, Plaintiff pointed out Defendants' Counsel ensnared themselves in their own tangled web of lies and inadvertently conceded what Defendants' Counsel, the Report And Recommendation and the Final Order all categorically refuse to definitively admit; namely, that both Rosa and Gloria are characters who are laughed

more at than with[2]. Moreover, the Report And Recommendation goes on throughout similarly ignoring such parroting of properties and accords Defendants' perjurious lies the assumption of truth and treats such clearly erroneous, subjective conclusions, and biased, self-serving opinions, as objective facts.

Also, Rosa was the older woman in an age disparate relationship with Ben, as Rosa is the younger woman in an age-disparate relationship with Jay. However, the Magistrate takes the allegation as false, claiming it is contradicted by the works. But, this allegation can not be said to be contradicted by the works because the document that states unequivocally that Rosa was in an age disparate relationship with Ben is missing from the incomplete record. After discovery, on a full factual record, it will be easier to determine whether any actions of the Defendants in fact transgressed Plaintiff's rights *See,* Freeplay Music, Inc., v. Cox Radio, Inc. Therefore, Defendants' motion for dismissal should have been denied.

Also, committing further judicial error, clearly erroneously and contrary to law, the Magistrate employs more irrelevant judicial dissection attempting to disprove that there is latent sexual chemistry between Ben and Rosa as stated in Plaintiff's First Treatment and Revised Treatment because according to the Report And Recommendation, nothing indicates Ben's feelings are reciprocal, even though he was once married to Rosa and they had two children together and he has remained friendly with her, and notwithstanding the fact that Plaintiff's Treatment and Revised Treatment clearly states, [a]t times people may be able to tell she still harbors romantic feeling for Ben" *See,* Plaintiff's Amended Complaint Composite Exhibit "A" P. 6 ¶6 - P. 7¶ 1; *See Also,* R&R P. 28 ¶2. Then, engaging in further irrelevant judicial dissection the Magistrate, while conceding that Defendants' Counsel lied and that Phil is obviously attracted to Gloria (only because Plaintiff submitted a video Exhibit where the actors discuss Phil's Gloria

crush *See,* Exhibit "D"), finds there is still no latent sexual chemistry because Gloria does not reciprocate Phil's feelings, even though Gloria kisses Phil on the mouth at a basketball game. Thus, contrary to law, the Magistrate ignores the parroted properties and parallelisms of characterization, incident and details and assays the weight of the evidence, in order to disprove allegations in Plaintiff's Amended Complaint, and  disprove the truth of the matters stated in Plaintiff's First Treatment And Revised Treatment, as well as Defendants' infringing show, in order to manufacture differences where there are none.

Also again, contrary to law, the Magistrate erroneously attempts to extract purportedly noncopyrightable elements from copyrightable elements and finds Rosa a stock character, ignoring the fact that the First Treatment and the Revised Treatment embellish and develop the Rosa character beyond the Pilot Script dialogue. Also, assuming arguendo the Rosa character is comprised, in part, of stock elements, the Magistrate's methodology is still contrary to law and clearly erroneous because it fails to consider the totality of the characters' traits and whether the total concept and feel of Rosa is captured in Defendants' Gloria. Since, the Magistrate did not consider the totality or combination of the characters' traits, the Magistrate's reasoning and the Report And Recommendation's finding that Gloria is not substantially similar to Rosa are clearly erroneous and contrary to law. For example, a mother is a stock character, un-entitled to copyright protection. However, the cast of "Modern Family" has often spoken about how no one sees Sofia Vergara as a mother. It would be more accurate to state no one saw Sofia Vergara as a mother, except Plaintiff. Plaintiff decided to make Sofia Vergara's character a mother because Plaintiff knew the Hollywood elite would never think of Vergara when casting the role of a mother because she would be considered too much of a sex-symbol. This is one of the decisions Plaintiff made to address societal stereotypes and also to condemn the very people who stole

10

"Loony Ben," the Hollywood elite, and their tendency to pigeonhole actors. Thus, the Magistrate can not, as a matter of law, hold Plaintiff's unique combination of elements is un-entitled to copyright protection *See,* Weitzenkorn v. Lesser; *See Also,* BMS Entertainment v. Bridges.

And, even assuming arguendo, the presence of some underdeveloped or stock characters, that would not ipso facto prevent a finding of copyright infringement *See,* Weitzenkorn v. Lesser, *See Also,* Apple Computer, Inc. v. Microsoft Corp.

Furthermore, the Magistrate's clearly erroneous approach is contrary to law because it never considers whether absent a finding of copyright protection in the individual Gloria character itself, Defendants, nevertheless, have failed to totally circumvent the United States Copyright Act and are, thus, still liable for infringement. *See,* Sid & Marty Krofft Television Productions Inc. v. McDonald's Corp.

The Magistrate pretends to demand literal similarity, but when Plaintiff calls attention to the most glaring literal similarity of all, that, heretofore obscure actress, Sofia Vergara now staring on "Modern Family" is listed on Plaintiff's Proposed Cast List filed with the United States Copyright Office in 2006, three years before "Modern Family" was ever copyrighted, the Magistrate attempts to explain this literal similarity away as "nonsensical." The Final Order adopts the Magistrate's finding that Sofia Vergara appears in "Loony Ben" and "Modern Family" due not to Defendants' copying Plaintiff's unique combination of elements, but rather pure coincidence, as a matter of law. But, that is a factual issue to be determined by a jury. *See,* BMS Entertainment v. Bridges, where the court denied defendants' motion and proceeded to trial.

The Final Order adopts the Magistrate's finding that Plaintiff's supposed argument that because Vergara has the capacity to play both Rosa and Gloria means the roles are the same is without merit; however, that ludicrous argument is not fairly attributable to Plaintiff. This gross

mischaracterization of Plaintiff's argument, is an insult to Plaintiff's intelligence and an attempt to reduce Plaintiff's compelling legal argument with citations to binding, judicial precedent to an untenable two sentences, and this raises more than just the mere specter of extra-judicial racial bias, which the courts must strive to avoid *See,* Memorandum Of Law P. 21 ¶3 - P. 24 ¶2; *See Also,* Plaintiff's Objections P. 32 ¶2 - P. 37 ¶2; *See Also,* Plaintiff's Supplemental Objections P. 3 ¶3 - P. ¶2. In fact, Plaintiff's arguments are rarely addressed throughout the Report And Recommendation. When the Report And Recommendation deigns to address Plaintiff's arguments, it does so only to deliberately oversimplify and mischaracterize them, so as to make Plaintiff appear intellectually inferior and this raises more than just the mere specter of extra-judicial, racial bias. For detailed discussion  concerning similarities between Rosa and Gloria *See,* Plaintiff's Amended Complaint P. 27 ¶125; P. 30 ¶130.

3. Jesus and Manny

Again, contrary to law, the Magistrate erroneously attempts to extract purportedly noncopyrightable elements from copyrightable elements and finds Jesus a stock character. The Magistrate refusing to consider the "Loony Ben" Materials as a whole focused solely on the Pilot Script and ignored the fact that the First Treatment and the Revised Treatment embellish and develop the Jesus character beyond the Pilot Script dialogue. The Magistrate's opinion that the works do not support a finding of literal similarity, as opposed to substantial similarity, between the characters, except that Jesus is part Latino and Manny is one hundred percent Latino, is insufficient to negate a finding of infringement. For example, because Manny never literally states that he is Jewish, the Report And Recommendation all to conveniently accepts that Manny is not Jewish, despite symbolism and metaphors employed by Defendants Levitan and Lloyd, which suggest Manny is, thinks, or feels he is Jewish *See,* Plaintiff's Amended Complaint P. 30

¶134 - P. 31 ¶135; *See Also,* Plaintiff's Memorandum Of Law P. 24 ¶3 - P. 25 ¶1; *See Also,* Plaintiff's Objections P. 38 ¶2. Another example is Jesus and Manny both have fetishes for older women. But, Jesus literally expresses his admiration for a beautiful, adult woman by saying "coooooooool!" where Manny literally expresses his admiration for a beautiful, adult woman by saying "I'm home!" The Magistrate finding no literally similar dialogue, concluded there is no substantial similarity and, contrary to law, ignored Defendants' parroting of properties and the characters' parallelisms of characterization, incident and details. Thus, the Magistrate refused to accept Plaintiffs allegations as true; unduly focused on literal similarity, as opposed to substantial similarity; and ignored nonliteral similarities between the characters and wrongly claimed Plaintiff's allegations of similarities are unsupported by the works.

      The Report And Recommendation and the Final Order adopting it are contrary to law and clearly erroneous because even assuming arguendo that Defendants' diminimis changes and/or sampling prevented a finding of individual character protection in the Jesus character itself, Defendants nevertheless have failed to totally circumvent the United States Copyright Act and thus are still liable for infringement *See,* Bridgeport Music, Inc. v. Dimension Films; *See Also,* Sid & Marty Krofft Television Productions Inc. v. McDonald's Corp.

4. Ben's Daughter and Lily

      Yet, again, contrary to law, the Magistrate employs irrelevant dissection and erroneously attempts to extract purportedly noncopyrightable elements from copyrightable elements and finds Ben's Daughter is an insufficiently developed stock character. The Order says significantly the Treatment does not give the character a name. However, names are not copyrightable. Therefore, since the Magistrate's methodology required extraction of noncopyrightable elements, Ben's Daughter's name or lack thereof, should have been omitted from the analysis.

The Magistrate's evaluation of Ben's Daughter and Lily is also clearly erroneous because it fails to consider **the extent to which the Defendants' Lily captures the total concept and feel of Ben's Daughter** *See,* Hogan v. DC Comics. The Magistrate failed to look at the totality or combination of the characters' traits, including purportedly stock character traits. Since, the Magistrate did not consider the totality or combination of the characters' traits, the Magistrate's reasoning and the Report And Recommendation's finding that Ben's Daughter is not substantially similar to Lily is clearly erroneous and contrary to law. Even assuming arguendo, the presence of some underdeveloped or stock characters, that would not ipso facto prevent a finding of copyright infringement *See,* Weitzenkorn v. Lesser, *See Also,* Apple Computer, Inc. v. Microsoft Corp.

The Report And Recommendation and the Final Order adopting it are contrary to law and clearly erroneous because even assuming arguendo that Defendants' diminimis changes and/or sampling prevented a finding of individual character protection in the Ben's Daughter character itself, Defendants nevertheless have failed to totally circumvent the United States Copyright Act and thus are still liable for infringement *See,* Sid & Marty Krofft Television Productions Inc. v. McDonald's Corp.

5. Herb/Marv and Mitchell/Cameron

Contrary to law, yet again, without considering the totality of the characters' attributes and traits, as well as **the extent to which Mitchell and Cameron capture the total concept and feel of** Herb and Marv, the Magistrate erroneously attempts to extract purportedly noncopyrightable elements from purportedly copyrightable elements, subjects the characters to "sustained dissection" and finds Herb and Marv stock characters who bear no similarity to Mitchell and Cameron because while both couples divide their gender roles along stereotypical

14

masculine/feminine lines, Mitchell and Cameron's gender roles are divided less evenly. However, Dissimilarity will not automatically relieve the infringer of liability, for **"no copier may defend the act of plagiarism by pointing out how much of the copy he has not pirated"** *See,* Williams v Crichton; *See Also,* Rogers v. Koons. Substantial similarity does not require literally identical copying of every detail. *See,* Comptone Company Ltd. v. Rayex Corp.; *See Also,* 4 Nimmer, § 13.03[A]. In Sheldon v. Metro-Goldwyn Pictures Corporation, Judge Learned Hand, speaking for a unanimous court, found copyright infringement where there was no identifiable language that was actually copied. The Final Order concludes Cameron may not be the more masculine figure. However, Plaintiff has cited evidence which proves reasonable minds consider Cameron more masculine than Mitchell *See,* Amended Complaint P. 32 ¶140. The **courts should view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion to dismiss. All reasonable doubts about the facts should be resolved in favor of the non-movant**. Even where the parties agree on the basic facts, but **disagree about the inferences that should be drawn** from these facts, dismissal is inappropriate *See,* Herzog v Castlerock Entertainment. **If reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny defendants' motion to dismiss** *See,* Id.

The Report And Recommendation and the Final Order adopting it are contrary to law and clearly erroneous because even assuming arguendo that Defendants' diminimis changes and/or sampling prevented a finding of individual character protection in the Herb and Marv characters themselves, Defendants, nevertheless, have failed to totally circumvent the United States Copyright Act and thus are still liable for infringement *See,* Sid & Marty Krofft Television Productions Inc. v. McDonald's Corp.

6. <u>Dr. Schwartz and the Unseen Documentary Filmmaker</u>

Assuming arguendo that the Final Order and the Report And Recommendation are correct and it is unclear that Jay is from Cleveland, then reasonable minds could differ on the issue. **Where the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial**. In applying this standard, in assessing whether the movant has met this burden **the courts should view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. All reasonable doubts about the facts should be resolved in favor of the non-movant**. Even where the parties agree on the basic facts, but **disagree about the inferences that should be drawn** from these facts, dismissal is inappropriate *See*, <u>Herzog v Castlerock Entertainment</u>. **If reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny defendants' motion to dismiss** *See*, <u>Id</u>.

The Final Order is incorrect in stating Mitchell is a lawyer but Dr. Schwartz is a psychiatrist because in addition to being a psychiatrist, Dr. Schwartz is also a lawyer and both Mitchell and Dr. Schwartz graduated from Columbia Law School and are very stylishly dressed and such parroting of properties and parallelisms of characterization, incident and details are indicative of substantial similarity and infringement. Further, substantial similarity does not require literally identical copying of every detail and dissimilarity will not automatically relieve the infringer of liability. *See, See Also,* <u>Williams v Crichton</u>; *See Also,* <u>Rogers v. Koons</u>.

The Final Order reads, "... Magistrate Judge Frances noted that the unnamed, unseen and unheard documentary filmmaker is not actually a character on "Modern Family" and therefore, can not **logically** be substantially similar to Dr Schwartz. However, it is more accurate to state the unnamed, unseen and unheard documentary filmmaker is not actually a character on "Modern

Family" and therefore, can not logically be **literally** similar to Dr Schwartz.

The Report And Recommendation and the Final Order adopting it are contrary to law and clearly erroneous because even assuming arguendo that Defendants' sampling prevented a finding of individual character protection in the Dr. Schwartz character itself, Defendants nevertheless have failed to totally circumvent the United States Copyright Act and thus are still liable for infringement *See,* Sid & Marty Krofft Television Productions Inc. v. McDonald's Corp. Moreover, Plaintiff has repeatedly stated he is not seeking a declaration of individual character protection in the Dr. Schwartz character, itself. The Magistrate's analysis of Dr. Schwartz and the Unseen Documentary Filmmaker (and other subjects) is fundamentally flawed because it doesn't take into account that writers often employ symbolism and metaphor, not literalism.

7. Additional Comparisons

Again Defendants and the Magistrate mischaracterize Plaintiff's argument. Plaintiff is arguing Defendants' characters consist, in part, of sampled and rearranged, yet still parroted properties, attributes and traits of various "Loony Ben" characters### not that these characters have infringed on individual "Loony Ben" characters, per se.

Defendants and the erroneous Report And Recommendation falsely claim none of the characters on "Modern Family" are Jewish. Both Defendants and the erroneous Report And Recommendation falsely claim the character Pepper Saltzman is not Jewish, though the character has a Jewish surname and is portrayed by a Jewish actor, Nathan Lane. Yet, the "works themselves supersede and control contrary allegations and conclusions, or descriptions of the works as contained in the pleadings" *See,* Walker v. Time Life Films, Inc. and in season 2 episode 3 "Earthquake" viewers learn the Pepper Saltzman character celebrated the Jewish holiday of Passover by hosting an elaborate "Sederday Night Fever Party."[3] Reasonable minds

therefore could conclude the reason a character with a Jewish surname, portrayed by a Jewish actor, celebrates Passover by hosting a "Sederday Night Fever Party" is because that character is Jewish. It therefore can not be said, as a matter of law, that none of the characters on "Modern Family" are, feel or act Jewish. This example is illustrative of how, though purporting to objectively interpret the works, as a matter of law, the Report And Recommendation actually simply follows Defendants' false, perjurious, biased, self-serving misinterpretation of the works at issue, and illustrates why courts have observed that **dismissal is peculiarly inappropriate in copyright infringement cases** due to their inherent subjectivity and underscores the need for discovery, trial and a jury determination in the case at bar *See,* Hoehling v. Universal City Studios, Inc.

Also contrary to law, the Magistrate engaged in judicial dissection to an illogical extreme, attempting to explain away the fact that both works include sexually ambiguous characters. Thus, contrary to law, the Magistrate employed "sustained" dissection and ignored the parroted properties and parallelisms of characterization, incident and details and assayed the weight of the evidence, in order to disprove allegations in Plaintiff's Amended Complaint, and  disprove the truth of the matters stated in Plaintiff's Treatment And Revised Treatment, as well as Defendants' infringing show, in order to manufacture differences where there are none *See,* Exhibits "J"-"O," "P," "Q."

Even assuming arguendo that the Final Order is correct and it is unclear whether both works include Jewish characters and sexually ambiguous characters, then reasonable minds could differ on the issue. **Where the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial**. In applying this standard, in assessing whether the movant has met this burden **the courts should view the evidence and all factual inferences**

**therefrom in the light most favorable to the party opposing the motion. All reasonable doubts about the facts should be resolved in favor of the non-movant.** Even where the parties agree on the basic facts, but **disagree about the inferences that should be drawn** from these facts, dismissal is inappropriate *See,* Herzog v Castlerock Entertainment, 193 F.3d 1241 (11th Cir. 1999). **If reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny defendants' motion to dismiss** *See,* Id.

The Report And Recommendation and the Final Order adopting it are contrary to law and clearly erroneous because even assuming arguendo that Defendants' **sampling** prevented a finding of individual character protection in the "Loony Ben" characters themselves, Defendants nevertheless have failed to totally circumvent the United States Copyright Act and thus are still liable for infringement *See,* Bridgeport Music, Inc. v. Dimension Films, 410 F.3d 792 (6th Cir. 2005) involving music sampling, the court warned plagiarists not unlike Defendant Levitan who admits his motto is to steal from anybody "Get a license or do not sample. We do not see this as stifling creativity in any significant way;" *See Also,* Roth Greeting Cards v. United Card Co. 429 F.2d 1106 (9th Cir. 1970), court found infringement where evidence showed it was card company's practice to copy other companies' cards*; See Also,* Sid & Marty Krofft Television Productions Inc. v. McDonald's Corp., 562 F.2d 1157 (9th Cir 1977) (holding that a series of McDonald's commercials portraying ###McDonaldland### had used as its basis and thereby infringed the ###H.R. Pufnstuf### television show. Corresponding characters to each, while displaying marked differences, taken altogether demonstrated that McDonald's had captured the total concept and feel of the show and had thus infringed).

*C. Setting*

Plaintiff's argument is again mischaracterized. Plaintiff does not argue the setting of Los

Angeles is per se copyrightable, but rather setting is one factor courts look to when deciding whether substantial similarity exists. The fact that both shows are set in Los Angeles should satisfy the Magistrate's demands for literal similarity, but contrary to Rule 12(b)6, he weighs this evidence in Defendants' favor.

## D. *Format and Pace*

Further, even assuming arguendo the Magistrate's procedural approach weren't contrary to Federal Rules 12(b)6 and 56, the methodology employed throughout the Report And Recommendation would still be clearly erroneous for it purports to separate noncopyrightable elements from copyrightable elements and exclude the noncopyrightable elements from analysis, which is also contrary to law *See,* Boisson v. Banian, Ltd. But, the Report And Recommendation doesn't actually even do that; it merely mentions a few of the many similarities and deems them noncopyrightable, then, lists purported differences and treats them as copyrightable. For example, the Report And Recommendation claims that the works at issue are substantially dissimilar because in Defendants' infringing work characters address the camera more frequently than in Plaintiff's original work. However, Defendants' use of the stock, mockumentary, single camera angle has been used in many other television series, such as "The Office," "Arrested Development" and "30 Rock" and is therefore unoriginal and therefore not copyrightable. Thus, following the logic, or lack thereof, of the Report And Recommendation, Defendants' use of this noncopyrightable, stock camera angle should have been excluded from the analysis entirely, yet is heavily relied upon to support the Report And Recommendation's clearly erroneous conclusion that the works at issue are, as a matter of law, not substantially similar. This type of fundamentally flawed, logically inconsistent reasoning employed throughout the entire Report And Recommendation is clearly erroneous, arbitrary and contrary to the law.

Here, again, the Magistrate focuses on literal similarity. Because Ben addresses the camera in "Loony Ben" once, the Magistrate suggests the works are not substantially similar because Defendants utilize this camera angle more frequently. But the legislature could hardly have intended plagiarists to circumvent the Copyright Act simply by using a stock, camera angle, incorporated in plaintiff's original, more often in their plagiarized work, for that would make it far too easy to infringe with impunity. Also, the Magistrate relies on and accepts as true Defendants' countervailing claim that there is not now, nor has there ever been a star or group of stars on "Modern Family" because all roles were created equally. However, Plaintiff submitted documentary evidence that refutes these claims, including information from one of the Defendants' own websites *See,* Exhibits "G," "H," "R." Moreover, as previously mentioned on a Rule 12(b)6 motion, the Court is not free to assay the weight of the evidence and make findings of fact, based on Defendants' controverting presentation.

## E. *Total Concept and Feel*

This is the most egregious example of the Magistrate, contrary to law and clearly erroneously straining to disprove the truth of the contents stated in Plaintiff's documents. Even though the Revised Treatment repeatedly, unequivocally, literally states "Loony Ben" is about family, the Court and the Magistrate blindly follow Defendants' Counsels' false, perjurious, statement that "Loony Ben" is only about Ben and not family *But See,* Amended Complaint P. 19 ¶86-89; *See,* Amended Complaint Composite Exhibit "A" P. 3 ¶3 " .... Loony Ben centers on the most basic societal institution ----- the family..."

## III. Additional Claims

## A. *Contributory and Vicarious Copyright Infringement*

Plaintiff's claims for contributory and vicarious copyright infringement should not have

been dismissed because Plaintiff stated a valid, underlying, predicate claim for direct copyright infringement.

B. *Idea Misappropriation*

The Magistrate invented a "pleading" requirement that is oddly both procedural and substantive in nature, substantive in effect, and not cognizable under federal or New York State law, and can not be reconciled with the U.S. Supreme Court holding in <u>Reed Elsvier v. Muchnick</u>, since copyright protection attaches automatically and registration is not required. For detailed discussion *See,* Plaintiff's Supplemental Objections P. 49-52.

In dismissing Plaintiff's copyright claims, the final Order and the Report And Recommendation concluded "Loony Ben" is not about family. And, in dismissing Plaintiff's state claims for idea misappropriation, insists the Revised Treatment unequivocally adds no new ideas, even though the Report And Recommendation admits the Revised Treatment clearly states " .... Loony Ben centers on the most basic societal institution ----- the family" *See,* Amended Complaint P. 19 ¶86-89; *See,* Amended Complaint Composite Exhibit "A" P. 3 ¶3. Therefore, assuming arguendo the District Court is correct that the Logline, Pilot Script, and First Treatment are only about Ben and not about family, then the Revised Treatment necessarily adds at least one new idea because in one paragraph it mentions the word family no less than five (5) times and the word kinship once.

C. *Defamation*

*See,* Plaintiff's Amended Complaint P. 61 ¶312 - P. 65 ¶338; *See Also,* Plaintiff's Memorandum Of Law P. 36 ¶3 - P. 37 ¶1.

D. *Piercing the Corporate Veil*

*See,* Plaintiff's Amended Complaint P. 65 ¶339 - P. 73 ¶377; *See Also,* Plaintiff's Memorandum

Of Law P. 37 ¶2 - P. 39 ¶3; *See,* Plaintiff's Objections P. 53 ¶2.

<u>**PLAINTIFF'S OBJECTIONS**</u>

**I. Standard of Review**

**II. Plaintiff's Objections**

Plaintiff did raise new arguments i.e. *See,* Plaintiff's arguments concerning idea misappropriation. The Final Order makes casual or no reference or mischaracterizes compelling factual and legal arguments presented in Plaintiff's Objections and Supplemental Objections, and utterly ignores probative evidence, Exhibits "E" - "T," contained, therein, which refute Defendants' false, perjurious, claims, as well as the reasoning and conclusions reached in the Report And Recommendation.

The Magistrate ignored principles of stare decisis and judicial restraint and refused to follow or even acknowledge the existence of controlling, binding, judicial precedent cited by Plaintiff, which constitutes good law. The foregoing raises more than just the mere specter of extra-judicial bias or tiniest hint of taint or impropriety, which the courts must endeavor to avoid. The recommendations reached in the Order and Report And Recommendation are conclusory devoid of supporting, objective facts, provide no articulable rationales or poorly reasoned rationales based on purported "facts," which are actually nothing more than subjective and/or objective misinterpretations of the works and wholly unsupported by the documentary and video taped exhibits, which comprise part of the record and for which no countervailing evidence was offered.

*A. Legal Standard*

The Court attempts to justify the misapplication of the incorrect judicial standard by suggesting it was necessary, in order to proceed logically *See,* Order P. 18 ¶3. However, as

23

binding judicial precedent instructs, the Magistrate's approach is defective because it inevitably proceeds logically to an illogical extreme, whereby nothing is copyrightable, particularly in cases, such as the instant case, involving an original, artistic work *See,* Boisson v. Banian, Ltd.; *See Also,* Velez v. Sonny Discos.

*B. Application*

Plaintiff concurs with the Court that the Magistrate was not only predisposed to dissect the works and find differences, he was also predisposed to find literal differences underlying, nonliteral similarities and accord the literal differences more weight. However, therein lies the problem. Dissection is irrelevant because it focuses on literal as opposed to substantial similarity. Dissection is irrelevant to cases, such as the instant case involving original, artistic works. Dissection is irrelevant to and counterproductive in determining whether a work has been infringed through nonliteral copying or by parroting properties that become apparent only when numerous decisions embodied in a work are considered as a whole. Dissection is irrelevant to cases where the ordinary reasonable observer test is the proper legal standard. The Magistrate also failed to address the issue of whether "Modern Family" is an infringing, derivative version of "Loony Ben," and failed to view this case in light of the purposes of the Copyright Act and consider the extent to which Defendants' copying destroyed the economic value of "Loony Ben"

## CONCLUSION

The Magistrate's analysis is fundamentally flawed because under the applicable ordinary observer test, the issue isn't whether dissecting the works reveals differences, but rather if those differences would tend to be overlooked by ordinary members from the Plaintiff's target audience, not predisposed to find them, and whether responding normally they would regard the aesthetic appeal of the two works as the same. These questions are not overly susceptible to

being answered, as a matter of law, by exacting, "sustained," irrelevant, judicial dissection. This is why courts have observed that dismissal is peculiarly inappropriate in copyright infringement cases due to their inherent subjectivity *See*, Hoehling v. Universal City Studios, Inc., 618 F.2d 972, 977 (2d Cir.), cert. denied, 449 U.S. 841, 101 S.Ct. 121, 66 L.Ed.2d 49 (1980).

**WHEREFORE,** for all the foregoing the Court should reconsider and hold oral argument and rescind its Order and deny Defendants' motion or grant Plaintiff leave to amend.

Respectfully Submitted,

Martin Alexander
Pro-Se
2506 S Schenley Ave.
Youngstown, OH 44511
(213) 924-9965

### FOOTNOTES

1. See, Amended Complaint P. 17 ¶80; See Also, Plaintiff's Memorandum of Law P. 16 ¶¶2-4; See Also, Plaintiff's Affirmation P. *15* ¶36.

2. See, Plaintiff's Memorandum Of Law P. 22 ¶2.

3. The Merriam-Webster Online Dictionary defines the Jewish, Hebrew terms Passover and Seder as follows:

> "Main Entry: **Pass·over** Pronunciation: ' pas- ? ō-v?r Function: noun Etymology: from the exemption of the **Israelites** from the slaughter of the firstborn in Egyptian (Exodus 12:23–27) Date: 1530: *a **Jewish** holiday beginning on the 14th of Nisan and commemorating the **Hebrews** liberation from slavery in Egypt*" [Emphasis Added].
>
> "Main Entry: **se·der** Pronunciation: \ ' sā-d?r\ Function: noun Inflected Form(s): plural seders also se·da·rim\s?- ' där-?m, ? se-dä- ' rēm\ Usage: often capitalized Etymology: **Hebrew** sēdher order Date: 1865: *a **Jewish** home or community service including a ceremonial dinner held on the first or first and second evenings of the **Passover** in commemoration of the exodus from Egypt*" [Emphasis Added].

*See Also,* Exhibit "F."

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

MARTIN ALEXANDER aka/ ALEX MARTIN_____

- against -

                                                    **10 Civ. 5613 (PAC) (JCF)**

                                                    **(ORAL ARGUMENT REQUESTED)**

                                                    **PLAINTIFF'S MEMORANDUM OF
                                                    LAW IN SUPPORT OF
                                                    PLAINTIFF'S MOTION FOR
                                                    RECONSIDERATION OR
                                                    (RE)ARGUMENT ON ORDER**

KEITH RUPERT MURDOCH; NEWS CORPORATION,
INC., DISNEY ENTERPRISES, INC. (THE WALT
DISNEY COMPANY, INC.); FOX ENTERTAINMENT
GROUP, INC.; AMERICAN BROADCASTING
COMPANIES, INC. (ABC) & AFFILIATES; STEVEN
LEVITAN; CHRISTOPHER LLOYD; PICTURE DAY
PRODUCTIONS, INC.; LEVITAN AND LLOYD
PRODUCTIONS, INC.; CBS BROADCASTING, INC.;
APPLE, INC.; HULU, LLC.; AMAZON.COM, INC.;
BLOCKBUSTER, INC.; IMDB.COM; BRITISH SKY
BROADCASTING GROUP, PLC; RTL GROUP;
SKY ITALIA; AND FOXTEL

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**................................................................................................i

**BACKGROUND**.......................................................................................................1

**I.    Applicable Law**.........................................................................................1

     *A.    Legal Standard* ................................................................................1

**II    Application**.............................................................................................2

**CONCLUSION**.........................................................................................................2

i

## <u>TABLE OF AUTHORITIES</u>

**Cases**

<u>Chambers v. Time Warner, Inc</u>. 2002................................................................1

<u>Carter v. Stanton</u>, 405 U.S. 669, 671, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972)
(per
curiam);................................................................................................1

<u>Friedl v. City of New York</u> 210 F.3d 79, 83-84 (2d Cir.2000)...........................2

<u>Morelli v. Cedel</u>, 141 F.3d 39, 45-46 (2d Cir.1998).........................................2

<u>Friedl</u>, 210 F.3d at 83 (quoting <u>Amaker v. Weiner</u>, 179 F.3d 48, 50 (2d Cir.1999))...........3

## BACKGROUND

Pursuant to the Federal Rules Of Civil Procedure and Local Civil Rule 6.3, Plaintiff, hereby, files this Plaintiff's Memorandum Of Law In Support Of Plaintiff's Motion For Reconsideration Or (Re)Argument On Order, order entered Thursday July 14, 2011, denying Plaintiff's request to supplement the record. On Thursday July 14, 2011, Plaintiff contacted Defense Attorney, Joshua L. Simmons, Esq. and expressed his desire and intention to submit a formal request to the Court to allow Plaintiff to supplement the court record with one additional exhibit and additional, brief supplemental objections. Plaintiff contacted Marlon Ovalles to express his intention to supplement the record. Later, Joshua Simmons communicated to Mr. Ovalles his vehement objections to any attempt by Plaintiff to supplement the record. Defendants' intense desire to exclude even one additional, supplemental exhibit from being added to the record is illustrative of just how fearful Defendants' are of the true facts ever becoming discovered in the instant case. On Thursday July 14, 2011, the Court denied Plaintiff's request before Plaintiff could even submit his formal request to the Court asking to supplement the record.

## I.    Applicable Law

### A.    Legal Standard

"Once the District Court was presented with matters outside the pleadings, Rule 12(b) afforded two options. The court could have excluded the extrinsic documents. Because it elected not to do so however, the court was obligated to convert the motion to one for summary judgment and give the parties an opportunity to conduct appropriate discovery and submit the additional supporting material contemplated by Rule 56" *See,* Chambers v. Time Warner, Inc. 2002; *See Also,* Carter v. Stanton, 405 U.S. 669, 671, 92

S.Ct. 1232, 31 L.Ed.2d 569 (1972) (per curiam); Friedl v. City of New York 210 F.3d 79, 83-84 (2d Cir.2000); *See Also,* Morelli v. Cedel, 141 F.3d 39, 45-46 (2d Cir.1998).

**II.    Application**

      Plaintiff previously submitted exhibits presenting the Court with matters outside the pleadings. For instance, Exhibit "D" was not integral to or relied on by Plaintiff, in drafting his Amended Complaint. Exhibit "G" was not integral to or relied on by Plaintiff, in drafting his Amended Complaint. Exhibit "H" was not integral to or relied on by Plaintiff, in drafting his Amended Complaint. Exhibit "J" was not integral to or relied on by Plaintiff, in drafting his Amended Complaint. Exhibit "K" was not integral to or relied on by Plaintiff, in drafting his Amended Complaint. Exhibit "L" was not integral to or relied on by Plaintiff, in drafting his Amended Complaint. Exhibit "M" was not integral to or relied on by Plaintiff, in drafting his Amended Complaint. Exhibit "N" was not integral to or relied on by Plaintiff, in drafting his Amended Complaint. Exhibit "O" was not integral to or relied on by Plaintiff, in drafting his Amended Complaint. Exhibit "P" was not integral to or relied on by Plaintiff, in drafting his Amended Complaint. Exhibit "Q" was not integral to or relied on by Plaintiff, in drafting his Amended Complaint. Exhibit "R" was not integral to or relied on by Plaintiff, in drafting his Amended Complaint. Exhibit "S" was not integral to or relied on by Plaintiff, in drafting his Amended Complaint. Exhibit "T" was not integral to or relied on by Plaintiff, in drafting his Amended Complaint.

**Conclusion**

      Therefore, the Magistrate erred in receiving and reviewing evidence barred by Rule 12(b), then clearly erroneously recommending dismissal pursuant to Rule 12(b).

"This conversion requirement is     strictly enforced     whenever a district court considers

extra-pleading material in ruling on a motion to dismiss." <u>Friedl</u>, 210 F.3d at 83 (quoting

<u>Amaker v. Weiner</u>, 179 F.3d 48, 50 (2d Cir.1999)). Denying a minority, Pro-Se Plaintiff a

right, which should have immediately attached, to conduct full and fair discovery, would

constitute an unconstitutional denial of due process, unconstitutional denial of equal

protection under the law, and would raise more than just the mere specter of bias or hint

of impropriety, which the courts must avoid. Thus, the Court's denial of Plaintiff's request

to supplement the incomplete record with one additional exhibit was contrary to law and

clearly erroneous.

**WHEREFORE,** the Plaintiff respectfully requests the Court reverse and rescind its

Order denying Plaintiff's request to supplement the record, and allow Plaintiff to conduct

appropriate discovery and/or supplement the record.

Respectfully Submitted,

/s/ Martin Alexander

Martin Alexander
Pro-Se
2506 S. Schenley Ave.
Youngstown, OH 44511
(213) 924-9965

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

MARTIN ALEXANDER aka/ ALEX MARTIN_____

                                        **10 Civ. 5613 (PAC) (JCF)**

- against -

                                        **AFFIRMATION OF**
                                        **SERVICE**

_____

KEITH RUPERT MURDOCH; NEWS CORPORATION,
INC., DISNEY ENTERPRISES, INC. (THE WALT
DISNEY COMPANY, INC.); FOX ENTERTAINMENT
GROUP, INC.; AMERICAN BROADCASTING
COMPANIES, INC. (ABC) & AFFILIATES; STEVEN
LEVITAN; CHRISTOPHER LLOYD; PICTURE DAY
PRODUCTIONS, INC.; LEVITAN AND LLOYD
PRODUCTIONS, INC.; CBS BROADCASTING, INC.;
APPLE, INC.; HULU, LLC.; AMAZON.COM, INC.;
BLOCKBUSTER, INC.; IMDB.COM; BRITISH SKY
BROADCASTING GROUP, PLC; RTL GROUP;
SKY ITALIA; AND FOXTEL

I, MARTIN ALEXANDER, **declare under penalty of perjury** that I have served a copy of the attached Plaintiff's Memorandum Of Law In Support Of Plaintiff's Motion For Reconsideration Or (Re)Argument On Order denying plaintiff's request to supplement the record upon Dale M. Cendali, Esq., at Dale M. Cendali, Esq., Kirkland & Ellis, LLP, Citigroup Center, 153 East 53rd Street, New York, New York 10022-4611

Via U.S. Mail Delivery

Dated: July 28, 2011
*Youngstown, Ohio*   /S/ _Martin Alexander_____
                       Martin Alexander
                       Pro Se
                       2506 S. Schenley Ave.
                       Youngstown, OH 44511
                       (213) 924-9965



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

# MEMORANDUM
## *Pro Se* Office

**To:**    The Honorable Paul A. Crotty, United States District Judge

**From:**  V. Jones, *Pro Se* Office, x0177                    **SCANNED**

**Date:**  June 28, 2011

**Re:**    **Martin Alexander v. Keith R. Murdoch,** 10 CIV 5613 (PAC)

The attached document, which was received by this Office on <u>June 28, 2011,</u> has been submitted to the Court for filing.  The document is deficient as indicated below. Instead of forwarding the document to the docketing unit, I am forwarding these papers to you for your consideration.  **See** Fed. R. Civ. P. 5(d)(2)(B), (4).  Please return this memorandum with the attached papers to this Office indicating at the bottom what action should be taken.

(X )    No original signature.

(  )    No affirmation of service/proof of service.

(  )    The request is in the form of a letter.

( X)    Other:  <u>Plaintiff   Had a Friend Deliver Documents a (Josef Floretts) documents had no</u>
<u>original signatures Mr. Floretts said he had permission to sign for plaintiff   because he is</u>
<u>living out of state.</u>

(X)    **ACCEPT FOR FILING**                    (  )    **RETURN TO** *PRO SE* **LITIGANT**

                                                    _PaulMCrotty_  8|4|11
| Comments:                                      |    United States District Judge
|                                                |
|                                                |    _____
|                                                |    United States Magistrate Judge
|                                                |
|                                                |    Dated: